IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK MOODY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-298-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Mark Moody, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

The state court records reflect that on October 19, 2015, in the 432nd Criminal District Court, Tarrant County, Texas, Case No. 1408121, Petitioner pleaded guilty in accordance with a plea agreement to felony DWI and was sentenced to 20 years' confinement. (SHR 26-44, doc. 15-13.[1]) Petitioner did not appeal the conviction

---

[1] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-88,015-01.

or sentence. (Pet. 3, doc. 3.) On December 21, 2017,[2] Petitioner filed a postconviction state habeas-corpus application challenging the conviction, which was denied by the Texas Court of Criminal Appeals without written order. (SHR 18 & Action Taken, docs. 15-13 & 2.) On March 18, 2019,[3] Petitioner filed this federal habeas petition challenging the conviction. (Pet. 10, doc. 3.)

## II. Issues

In one ground for relief, Petitioner claims that the state improperly used his prior uncounseled 1998 Ellis County DWI conviction for enhancement purposes, in violation of *Gideon v. Wainwright,* 372 U.S. 335, 344-45 (1963) (holding a state felony conviction without counsel, or a valid waiver, was unconstitutional under the Sixth and Fourteen Amendments). He seeks a vacatur of his Tarrant County felony DWI conviction. (Id. at 7.) Respondent alleges that the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 3-7, doc. 13.)

## III. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner placed it in the prison mailing system; however he signed the "Inmate's Declaration" in the document on December 21, 2017. (SHR 18, doc. 15-13.) Thus, for purposes of this opinion the application is deemed filed on that date.

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(AEDPA) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time

for seeking direct review.[4] Under this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a notice of appeal on November 18, 2015, thirty days after the judgment was entered.[5] TEX. R. APP. P. 26.2. Therefore, limitations began the next day and closed one year later on November 17, 2016,[6] absent any tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application filed on December 21, 2017, after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, absent tolling as a matter of equity, Petitioner's petition filed on March 18, 2019, is untimely.

---

[4]Respondent argues that the trial court's judgment of conviction became final for purposes of subsection (A) on October 19, 2015, the date the judgment was entered, because petitioner expressly waived his right to appeal, among other rights, as part of the plea bargain agreement. (Resp't's Preliminary Answer 4-5, doc. 13.) A review of relevant cases in this district, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time. *See Townsend v. Thaler,* No. 4:11-CV-560-Y, 2012 WL 1030444, at *2 n.2 (N.D.Tex. Feb. 24, 2012), *R. & R. adopted,* 2012 WL 1030405 (N.D.Tex. Mar. 27, 2012); *Novak v. Quarterman,* Civil Action No. 4:07–CV–043–Y, 2007 WL 1953439, at *3 n.2 (N.D.Tex. June 26, 2007).

[5]Petitioner contends that the one-year limitations period did not begin until his state habeas application was denied by the Texas Court of Criminal Appeals on April 4, 2018. (Pet'r's Rebuttal 10, doc. 16.) This argument has been specifically rejected by the United States Court of Appeals for the Fifth Circuit. The operative date for limitations purposes under subsection (A) is when the conviction becomes final by the conclusion of direct review or *the expiration of the time for seeking such review,* not upon the completion of state habeas review. *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998).

[6]The year 2016 was a leap year.

4

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner does not assert an actual-innocence claim. Instead, in an apparent attempt to trigger subsection (D) or justify equitable tolling, Petitioner asserts that he just recently discovered the United States Supreme Court decision in *Burgett v. Texas,* 389 U.S. 109 (1967), extending the holding in *Gideon* to prohibit the use of an uncounseled prior conviction to enhance another, subsequent sentence. *Id.* at 115. *Burgett,* however, was decided in 1967, decades before Petitioner's conviction. With reasonable diligence, Petitioner could have discovered and raised his *Gideon* claim in a timely-filed federal petition. Lack of legal knowledge does not support equitable tolling. *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999).

Nor can petitioner rely on *Martinez v. Ryan,* 566 U.S. 1, 18 (2012), to excuse his untimeliness. Petitioner asserts that his lateness should be excused because his trial counsel in his underlying Tarrant County case was ineffective by leading "him into

5

a bad plea instead of subjecting the state[']s case in chief to a meaningful adversarial testing based on the state[']s use of a prior infirmed [sic] conviction that was obtained in violation of *Gideon*." (Pet'r's Rebuttal 7, doc. 16.) The *Martinez* line of cases, however, addresses exceptions to a state-imposed procedural default. The bar to review at issue in this case arises from Petitioner's failure to meet the <u>federal</u> limitations deadline under the AEDPA. *Martinez* does not address or provide an excuse for the untimely filing of a federal habeas petition. *See Dickerson v. Davis,* No. 4:17-CV-071-A, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015); *Kuykendall v. Stephens,* No. 4:13-CV-248-Y, 2013 WL 3455724 at *3 (N.D. Tex. July 9, 2013).

Absent any applicable tolling, Petitioner's federal petition was due on or before November 17, 2016. His petition filed on March 18, 2019, is therefore untimely.

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies

habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED October 2, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE